UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| XING-FANG HUANG, ZHI-FANG HAN and GUANG-HE LIU, on behalf of themselves and on behalf of others similarly situated, Plaintiffs, v. DGC RESTAURANT INC., d/b/a FENG SHUI ASIAN CUISINE, STEPHEN Z.X. DONG, and XIAOMEI GUAN, Defendants. | Civil Action No. 14-10096-JGD |

**PLAINTIFFS' SUPPLEMENTAL MOTION FOR CONDITIONAL CLASS CERTIFICATION AND EXPEDITED COLLECTIVE ACTION NOTIFICATION**

Plaintiffs file this supplemental motion attaching additional materials supporting Plaintiffs' Motion for Conditional Class Certification and Expedited Collective Action Notification, including affidavits of the plaintiffs attesting to the practice of the defendants of failing to pay its employees consistent with the requirements of the FLSA. Accordingly, plaintiffs have met the standard needed to obtain permission from this Court to distribute notice to potential plaintiffs about the pendency of this lawsuit and their right to opt-in. For the reasons explained below, the Court should conditionally certify the FLSA Class and allow notice to be sent to prospective class members because plaintiffs have met the burden of establishing that the members of the prospective class are similarly situated.

I. **PLAINTIFFS NEED NOT MEET REQUIREMENTS OF RULE 23 IN ORDER TO SEEK CERTIFICATION OF A CLASS UNDER §216(b)**

The thrust of the defendants' argument at the hearing on June 4, 2014, was that plaintiffs have not met the requirements of Fed.R.Civ.P. 23. It is well settled, however, that FLSA collective actions are not governed by Rule 23 of the Federal Rules of Civil Procedure. *See*

1

*Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001) ("Congress clearly chose not to have the Rule 23 standards apply to class actions under the ADEA," which incorporates the FLSA's enforcement provisions); *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 n.12 (11th Cir. 1996) ("it is clear that the requirements for pursuing a §216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure").

Unlike Rule 23, the requirements for notifying potential class members under §216(b) are not demanding. *See Trezvant v. Fidelity Employer Servs. Corp.*, 434 F. Supp. 2d. 40, 43 (D.Mass. 2006) (plaintiffs need only make a "modest factual showing" that a potential class of similarly-situated plaintiffs may exist), quoting *Thiessen*, 267 F.3d at 1102; *Melendez Cintron v. Hershey Puerto Rico, Inc.*, 363 F. Supp. 2d. 10, 15-16 (D.P.R. 2005) (determination to grant a §216(b) motion "must be made using a fairly lenient standard which usually results in conditional certification of the representative class"); *Kane v. Gage Merchandising Servs., Inc.*, 138 F. Supp. 2d. 212, 214 (D.Mass. 2001) (determination to grant §216(b) motion "made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class").

The leniency of this standard is directly related to the purpose of §216(b), which is merely to "preliminarily certify[] the action" as a class action so as to afford notice to "potential plaintiffs." *Poreda v. Boise Cascade, L.L.C.*, 532 F.Supp.2d. 234, 241 (D.Mass. 2008). Courts regularly authorize notice "early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management." *Hoffman v. Saetro, Inc.*, 982 F.Supp. 249, 262 (S.D.N.Y. 1997) (collecting cases). At the early notice stage, courts require merely substantial allegations that the putative class members were together the victims of the same decision, policy or plan that violates the FLSA. *See*, *Kalish v. High Tech lnst., Inc.*, 2005 U.S. Dist. LEXIS 8238, at \*\*6-7 (D. Minn. Apr. 22, 2005) ("[C]ourts should conditionally certify

the class when the plaintiffs 'have established a colorable basis for their claim that a class of similarly situated plaintiffs exist.'" (internal citations omitted); *Flores v. Lifeway Foods, Inc.*, 289 F.Supp.2d 1042, 1045 (N.D. Ill. 2003) ("A named plaintiff can show that potential claimants are similarly situated 'by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." (internal citations omitted). As explained *infra*, Plaintiff's have met this low burden of establishing that the members of the prospective class are similarly situated.

## II. PLAINTIFFS AND THE PUTATIVE CLASS ARE SIMILARLY SITUATED BECAUSE THEY WERE ALL SIMILARLY AFFECTED BY THE DEFENDANTS' PATTERN AND PRACTICE OF NOT PAYING ITS EMPLOYEES ALL OF THE HOURS THEY ACTUALLY WORKED

Plaintiffs and the putative class they seek to represent are similarly situated because they were all affected by Defendants' pattern and practice of failing to pay its employees all of the hours that they actually worked. Plaintiffs' Complaint alleges that the plaintiffs worked significantly more hours than they were paid by defendants. The attached affidavits attest accordingly: Ms. Huang attests that she worked 67.5 hours per week. However, the bi-weekly paycheck that she received reflected only 75 hours worked rather than the 135 actual hours worked and was in the amount of $600 when her pay should have been $1,300. Huang Aff. at ¶¶3, 5 (Ex.1). Ms. Han attests that she worked 67.5 hours per week, she received a paycheck twice a month in the amount of approximately $800 when her pay should have been $1,300. Han Aff. at ¶¶3, 5 (Ex.2). Finally, Mr. Liu attests he worked 67.5 hours per week, and he also consistently received no overtime pay. In 2008, the monthly paychecks that Mr. Liu received indicated that he worked 142.5 hours per month instead of the 292 hours that he actually worked if it was a month with 30 days and 303 hours if the month had 31 days. In 2009, Mr. Liu began to receive paychecks twice a month in the amount of approximately $576 indicating that he worked only 72 hours when he actually worked 135 hours and his pay should have been $1,300. In 2010, Mr.

3

Liu's paycheck was $616 or $624 indicating that he worked only 77 or 78 hours during the two-week period when in fact he worked at least 135 hours during that pay period and the pay should have been at least $1,300. Liu Aff. at ¶¶3, 5-7 (Ex.3). Plaintiffs further attest in their affidavits that discussions with fellow employees has revealed that those employees also have been shortchanged in pay. Huang Aff. at ¶6, Han Aff. at ¶6, and Liu Aff. at ¶8.

A single employee making a claim of illegal pay practices may be insufficient to establish a general pattern. Two employees making the same claim could arguably be a coincidence But, three employees attesting to the same illegal pay practice in a single restaurant certainly establishes, at least for the purposes of pre-certification, a general pattern or practice. Additionally, as attested to in the Affidavit of Myong Joun, he was approached by a fourth employee who stated that s/he "worked six days a week" for "approximately 65 hours per week" and that "my employer did not pay me overtime for the hours I worked over 40 hours a week." That employee provided counsel with pay records which showed that the employee was paid twice a month in the amount of approximately $700, with a net pay of exactly $600 after deductions, and which indicated that the employee worked only 85 hours during the bi-monthly pay period. Joun Aff. at ¶5 (Ex. 4).

This more than satisfies what is necessary to obtain conditional certification and class notice under prevailing case law. *See, e.g., Kane v. Gage Merchandising Servs., Inc.*, 138 F.Supp.2d. 212, 215 (D.Mass. 2001) (allowing notification where plaintiffs allegations and two affidavits "suggest[ed] that the Defendants had a policy of treating at least some of a discrete class of employees ... as exempt from the FLSA overtime requirements"); *Dumitrescu v. Mr. Chow Enterprises., Ltd.*, No. 07 Civ. 3601 (PKL), 2008 WL 2600667, at *1-5 (S.D.N.Y. Jun. 30, 2008) (allowing notice and granting order compelling production of employee addresses where plaintiff relied on allegations contained in the complaint and one affidavit); *Austin v. Cuna Mutual*

*Insurance Society et al.*, 232 F.R.D. 601, 605 (W.D. Wis. 2006) (concluding that plaintiffs had met their modest burden from solely the allegations in their complaint); *Dietrich v. Liberty Square, LLC*, 230 F.R.D. 574, 578-579 (N.D. Iowa 2005) (notice granted based on allegations in two affidavits); *Neagley v. Atascosa County EMS*, No. Civ. A. SA04CA0893XR, 2005 WL 354085, at *3 (W.D. Tex. 2005) (notice granted based on allegations in complaint alone); *Brown v. Money Tree Mortgages, Inc.*, 222 F.R.D. 676, 680-681 (D.Kan. 2004) (notice granted based on complaint and two affidavits); *Reeves v. Alliant Techsystems, Inc.*, 77 F.Supp.2d. 242, 248 (D.R.I. 1999) (notice granted based solely on plaintiffs' allegations).

Plaintiffs have additional evidence of improper pay found in defendants' own documents. The documents that Defendants attached as exhibits to Charlie Chen's Affidavit in support of Defendants' Opposition show that each plaintiff worked 66 hours per week. Ex. 5. Yet, instead of the 264 hours that they would have actually worked in four weeks,[1] the "time sheet" that they signed for indicated that Ms. Huang worked only 160 hours, that Ms. Han only worked 176 hours and that Mr. Liu only worked 144 hours. Ex. 6. Defendants' own documents, and their own calculations, support Plaintiffs' allegation that they and the class they seek to represent were subjected to a common pattern and practice of the Defendants, a policy of not properly paying its employees for all of the hours that they actually worked.

Through the discovery process, the parties will gather evidence regarding how widespread the alleged FLSA violations were and will then be in a position to submit their arguments for and against decertification of the collective action. For initial notice to be issued, it is sufficient that a consistent policy has been identified in which the Restaurant's employees were not paid for all hours worked. Enough evidence has been submitted to suggest that this pay policy violates the FLSA.

---

[1] It would be 264 hours if the month had only 28 days.

### III.     THE TWO-TIER APPROACH IS THE RIGHT APPROACH

The predominant procedural methodology that district courts have utilized has been referred to as the two-tier approach, in which the court conditionally certifies the class and allows notice to be sent to prospective class members who then may opt-in to the lawsuit. *See, e.g., Trezvant v. Fidelitiy Employer Services Corp., LLC*, 434 F.Supp. 2d 40, 43 (D.Mass. 2006) (recognizing that majority of courts both within and outside the First Circuit have adopted the two-step approach). *See also*, *Thiessen v. G.E. Working Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001); *Hipp v. LibertyNat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995); *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793 (E.D. La. 2007). After the parties have engaged in discovery, the defendant can then file a motion to decertify the class, at which time a final decision on certification is made. *Kane v. Gage Merchandising Servs., Inc.*, 138 F. Supp. 2d. 212, 214 (D. Mass. 2001) (After discovery, the court reviews the preliminary certification and, applying a more heightened standard, determines whether the case should proceed to trial as a collective action).

Here, the parties have yet to answer written discovery and depositions have yet to be scheduled. Thus, as here, where courts have been presented with a motion to conditionally certify a class and to have notice sent to putative class members early on in a case, when little discovery has been taken, the courts readily have granted conditional certification and allowed notice of the pendency of the case to be sent to prospective class members. *Mooney*, 54 F.3d at 1214 ("Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.") *See also Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005); *Bell v. Mynt Entm't, L.L.C.*, 223 F.R.D. 680, 681-83 (S.D. Fla. 2004); *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1096 (11th Cir.

1996); *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1270 (M.D. Ala. 2004); *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005).

At the second stage, after discovery has been completed, courts apply a "stricter standard," analyzing factors such as: "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations...." *Thiessen v, General Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001) (ADEA case); *Brown v, Money Tree Mortgage, Inc.*, 222 F.R.D. 676.679 (D. Kan. 2004) (FLSA case). Upon such a review, a court makes a factual finding on the similarly situated issue, based on the record produced through discovery. If the court finds that the claimants are similarly situated, the action may proceed to trial. *Mooney*, 54 F.3d at 1207. "If the claimants are not similarly situated, the [] court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Id*. at 1214.

### IV. THE COURT SHOULD EQUITABLY TOLL THE FLSA STATUTE OF LIMITATIONS TO APRIL 11, 2014

Through no fault of putative opt-in members, they have not been notified of the conditional class certification and have not had the opportunity to complete and file their consent forms. Justice requires under the circumstances of this case that the statute of limitations on Plaintiffs' FLSA claims be equitably tolled to avoid an inequitable result. Plaintiff moves the Court to equitably toll the statute of limitations with regard to their FLSA claim nunc pro tunc to April 11, 2014 – the date when Plaintiffs' motion for condition class certification and expedited collective action notification was filed.

The filing of a class action under Federal Rule of Civil Procedure 23 tolls limitations for putative class members. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 345 (1983) (*citing, Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, (1974)). Tolling is justified because

"[o]therwise, class members would be led to file individual actions prior to denial of class certification, in order to preserve their rights. The result would be a needless multiplicity of actions-precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of American Pipe were designed to avoid." *Crown*, 462 U.S. at 345. As discussed above, collective actions under the FLSA are not controlled by Rule 23. Unlike Rule 23 class actions, plaintiffs must "opt in" to a FLSA collective action. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996), ("[O]pt-in plaintiffs are deemed to commence their civil action only when they file their written consent to opt into the class action."); see also *Robinson-Smith v. Gov't Emps. Ins. Co.*, 424 F.Supp.2d 117 (D.D.C. 2006).

The FLSA provides for a two-year statute of limitations generally, with an additional one-year extension for willful violations. 29 U.S.C. § 255(a). In a FLSA collective action, the statute of limitations runs for each plaintiff until he files written consent with the court to join the lawsuit. Id. § 256(b). Thus, unlike the statute of limitations in a Rule 23 class action which is tolled for all putative class members upon the filing of the complaint, the limitations periods in a FLSA action continues to run until an individual affirmatively opts into the action. Nonetheless, the court has the discretion to equitably toll the limitations period. "[A] statute of limitations may be tolled as necessary to avoid inequitable circumstances." *Iavorski v. U.S. Immigration & Naturalization Serv.*, 232 F.3d 124, 129 (2d Cir. 2000).

Although no case within the First Circuit could be found on point, in determining whether equitable tolling is warranted in an FLSA case, the Second Circuit has stated that a court "must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. New York City Transit Authority*, 333 F.3d 74, 80-81 (2nd Cir. 2003).

The delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an "extraordinary circumstance[ ]" justifying application of the equitable tolling doctrine. *Abadeer v. Tyson Foods, Inc.*, 2010 WL 5158873, at *2-4 (M.D.Tenn. Dec.14, 2010); *Israel Antonio-Morales v. Bimbo's Best Produce, Inc.*, 2009 WL 1591172, at *1 (E.D.La. Apr.20, 2009) (collecting cases for the proposition that "[c]ourts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions"); *Stickle v. Sciwestern Mkt. Support Ctr.*, 2008 WL 4446539, at *22 (D.Ariz. Sept.30, 2008) (collecting cases); *Owens v. Bethlehem Mines Corp.*, 630 F.Supp. 309, 312 (S.D.W.V.1986).

Through no fault of putative opt-in members, they have not been notified of the conditional class certification and have not had the opportunity to complete and file their consent forms. Justice requires under the circumstances of this case that the statute of limitations on Plaintiffs' FLSA claims be equitably tolled to avoid an inequitable result. Plaintiffs' current situation is one in which there are "extraordinary circumstances that are both beyond Plaintiffs' control and unavoidable even with diligence." *Sadvik v. U.S.*, 177 F.3d. 1269 (11th Cir. 1993).

## V.    CONCLUSION

For the reasons described in this memorandum and in the original motion, the Court should allow Plaintiffs to provide notice to putative class members of their right to opt-in to this case to pursue their claims under the FLSA. The Plaintiffs have fulfilled the lenient requirements for obtaining the right to send collective action notice under Section 216(b). Notice should issue now to allow potential opt-in plaintiffs the right to know about the pendency of this case and join it if they so choose. Given that the statute of limitations continues to run for the putative class members, immediate notice is vital. The Court should therefore approve the Plaintiffs' motion for opt-in notice to issue and equitably toll the FLSA statute of limitations to April 11, 2014.

**Respectfully submitted,**

**For Plaintiffs**, on behalf of themselves and all others similarly situated,

By their attorneys,

 */s/ Myong J. Joun*
Myong J. Joun
BBO No. 645099
Joun Law Office
491 Massachusetts Ave., Ste. #208
Arlington, MA 02474
Tel.: (617) 304-6186
Fax: (866) 551-4983
Email: mjoun@massrights.com


 */s/ Jeffrey Wiesner*
Jeffrey Wiesner
BBO No. 655814
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
Tel.: (617) 742-5800
Fax: (617) 742-5858
Dated: June 16, 2014                    Email: jwiesner@sswg.com


**CERTIFICATE OF SERVICE**

I certify that on this day I caused a true copy of the above document to be served upon the attorney of record for all parties via CM/ECF.

Date: 6/16/14      */s/Myong J. Joun*
                  Myong J. Joun