XING-FANG HUANG, et al.,       )
                             )
            Plaintiffs,        )          CIVIL ACTION
     v.                     )          NO. 14-10096-JGD
                             )
DGC RESTAURANT, INC., et al.,    )
                             )
           Defendants.     )

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES

September 2, 2014

DEIN, U.S.M.J.

## I.  INTRODUCTION

This matter is before the court on the "Plaintiffs' Motion for a Mandatory Award of Costs and Attorneys' Fees Pursuant to 29 U.S.C. § 216(b)" (Docket No. 37).  Pursuant to this motion, as amended (see Docket No. 42), the plaintiffs are seeking attorneys' fees of $36,020.00 and expenses of $2,213.83 in connection with this action for overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").  While originally brought as a class action, this court denied the plaintiffs' original motion for conditional class certification.  The plaintiffs filed a supplemental motion for conditional class certification.  However, the case was settled promptly thereafter, with payment made only to the three named plaintiffs.  The amount of the settlement was the full amount of the plaintiffs' claims.

The defendants have opposed the motion for fees and costs on various grounds. After a careful review of the relevant pleadings and affidavits, this court finds the defendants' objections unpersuasive, but concludes that the plaintiffs are not entitled to be compensated for the work done in connection with the motions for conditional class certification. Therefore, plaintiffs' motion for fees and costs is ALLOWED IN PART and DENIED IN PART. Plaintiffs are hereby awarded fees in the amount of $27,452.50 and expenses in the amount of $2,213.83, for a total award of $29,666.33.

## II.  ANALYSIS

The FLSA provides for an award of costs and fees to a prevailing party, 29 U.S.C. § 216(b), and the defendants agree that the plaintiffs are entitled to some award in the instant case. The method for determining such fees is the "lodestar calculation," which the First Circuit described in De Jesus Nazario v. Morris Rodriguez, 554 F.3d 196 (1st Cir. 2009), as follows:

> The lodestar is determined by multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure. In crafting its lodestar, the trial court may adjust the hours claimed to remove time that was unreasonably, unnecessarily or inefficiently devoted to the case, and subject to principles of inter-connectedness, the trial court may disallow time spent litigating failed claims. Finally, the trial court has the discretion to adjust the lodestar itself upwards or downwards based on several different factors, including the results obtained, and the time and labor required for the efficacious handling of the matter.

> In making this adjustment, the trial court should be mindful of the complexities of defining the results obtained. As we have already noted, in determining the quality of the plaintiff's results, we look to a combination of the plaintiff's claim-by-claim success, the relief

achieved, and the societal importance of the rights vindicated. We have further noted that the computational principles employed to evaluate a skimpy damage award or shortfall in other relief are difficult to quantify, and have described a constellation of potential outcomes, and permissible attorney's fees calculations, under each. In particular, we have emphasized that though a meager damage award may be taken into consideration, the [Supreme] Court has squarely disclaimed the proposition that fee awards . . . should be proportionate to the amount of damages a civil plaintiff actually recovers.

Similarly, while a trial court can and should reduce the lodestar to disallow fees for time inefficiently, unnecessarily or unreasonably expended, it must also be mindful of the realities of modern litigation. It is of course true that each fee case generally rests on its own congeries of facts, but nevertheless, we have previously reversed decisions to substantially reduce hours allowed for pre-trial proceedings, where we have found that significant time was expended and the plaintiff was not responsible for the delay.... Thus, although it is possible, and indeed likely, that the district court may discount some of the time plaintiff's counsel spent in pre-trial proceedings, the district court should take care to excise only fat, leaving sinew and bone untouched. Beyond these general observations, we leave the determination of a reasonable fee to the sound discretion of the trial court.

De Jesus Nazario, 554 F.3d at 207-08 (internal footnotes, citations and quotations omitted). The burden is on the party claiming fees to prove the reasonableness of the hours claimed. Burke v. McDonald., 572 F.3d 51, 63 (1st Cir. 2009).

## **Appropriate Rate**

Plaintiffs have requested an hourly rate of $375 for lead counsel's substantive work, and $250 for his travel time and time spent on the fee petition. Lead counsel, Myong J. Joun, is a 1999 graduate of Suffolk University Law School and has practiced law since then, with a focus on civil rights litigation. His requested hourly rates are

supported by affidavits from two experienced civil rights attorneys who practice in the various state and federal courts in Massachusetts.  The plaintiffs are also seeking compensation for non-duplicative work done by Attorney Jeffrey P. Wiesner, who consulted on the case.  Attorney Wiesner is a 2002 graduate of Northeastern University School of Law.  He has had an active litigation practice since then, including experience in employment litigation.  The plaintiffs are seeking compensation for Attorney Wiesner at the rate of $350 per hour.  Attorney Wiesner's fee petition is supported by affidavits from two other experienced litigators who practice in the various state and federal courts in the Commonwealth.

The hourly rates sought are below those awarded in other employment-related litigation as detailed in plaintiffs' memorandum.  (See Docket No. 38 at 8-9).  However, the legal issues presented in the instant case were straightforward, and most of the time was spent gathering and analyzing facts.  While defense counsel objects to the total number of hours expended (see Docket No. 40 at ¶ 7), there is no specific objection to the proposed rates.  Under all these circumstances, I find the proposed rates to be reasonable.

### The Alleged Cap

Defense counsel asserts that plaintiffs' counsel verbally accepted a proposal to cap fees and expenses at $25,000.  (Docket No. 40 at ¶ 8).  Plaintiffs' counsel denies that this offer was accepted, and the plaintiffs' acceptance of the Third Offer of Judgment (Docket No. 32) provides that fees and costs would be "as later determined by this Court."  Defendants did not inform the court otherwise, and the Judgment entered by the court

made no mention of fees and costs. I find that no agreement was reached to cap the fees and costs.

## Specific Objections

Defense counsel has objected to specific tasks undertaken by plaintiffs' counsel and related expenses. All the objections have been addressed in "Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Fee Petition" (Docket No. 42). There is no reason to address each item individually. Suffice it to say that this court accepts the explanations provided by the plaintiffs and will not reduce the amounts sought for the specific items.

## Class Certification

As noted above, this court denied plaintiffs' initial motion for class certification. While a supplemental motion was filed, the motion was never joined and the settlement was reported promptly after the supplemental motion was filed. The settlement related only to the individual claims of the three named plaintiffs. Under such circumstances, plaintiffs should not be compensated for issues relating to class certification.

The standard for conditional class certification under the FLSA is not a demanding one. Plaintiffs need only make a "modest factual showing" that a potential class of similarly situated plaintiffs may exist. Trezvant v. Fidelity Employ. Servs. Corp., 434 F. Supp. 2d 40, 43 (D. Mass. 2006) (quotation omitted). In the instant case, however, plaintiffs failed to satisfy even this lenient standard in their initial filing, and offered no

evidence of classwide treatment. Therefore, this court has deducted 22.1 hours from Attorney Joun's request and 0.8 hours from Attorney Wiesner.[1]

**Expenses**

The court has reviewed the expenses and found them to be reasonable.

### III. ORDER

For all the reasons detailed herein, plaintiffs are hereby awarded attorneys' fees in the amount of $27,452.50 and expenses in the amount of $2,213.83, for a total award of $29,666.33.

      / s / Judith Gail Dein
      Judith Gail Dein
      U.S. Magistrate Judge

---

[1] The following entries were excluded from the itemized time sheets. This court did not disallow all the time from the client meetings held during the relevant period in view of the fact that it is likely that other things were discussed as well.

Attorney Joun

| | | | | |
|------|-----|------|-----|-----|
| 4/7  | 2.7 | 6/11 | 2.0 | |
| 4/11 | .6  |      | .6  | |
| 6/4  | .8  | 6/12 | .3  | |
|      | .1  | 6/13 | 2.4 | |
| 6/5  | 2.8 |      | 4.3 | |
|      | 1.9 |      | 1.0 | |
| 6/10 | 1.2 | 6/16 | 1.4 | 22.1 hours x $375 = $8,287.50 |

Attorney Wiesner

| | |
|------|-----|
| 4/7 | .8 x $350 = $280.00 |